UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 24-20171-CR-RUIZ/LOUIS

18 U.S.C. § 1343
18 U.S.C. § 1957
18 U.S.C. § 981(a)(1)(C)
18 U.S.C. § 982(a)(1)

FILED BY ___MP___ D.C.

Apr 24, 2024

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

UNITED STATES OF AMERICA

vs.

ESHWAR MOHABEER,

       Defendant.
_____/

## INDICTMENT

The Grand Jury charges that:

### GENERAL ALLEGATIONS

At all times relevant to this Indictment:

1. The United States Small Business Administration ("SBA") was an executive branch agency of the United States government that provided support to entrepreneurs and small businesses. The mission of the SBA was to maintain and strengthen the nation's economy by enabling the establishment and viability of small businesses and by assisting in the economic recovery of communities after disasters.

2. As part of this effort, the SBA enabled and provided for loans through banks, credit unions, and other lenders. These loans had government-backed guarantees.

*The Economic Injury Disaster Loan Program*

3. Another related response to the COVID-19 outbreak was an expansion of an existing disaster-related program – the Economic Injury Disaster Loan ("EIDL") – to provide for

loan assistance (including $10,000 advances) for small businesses and other eligible entities for loans up to $2 million. The EIDL proceeds could have been used to pay fixed debts, payroll, accounts payable, and other bills that could have been paid had the disaster not occurred; however, such loan proceeds were not intended to replace lost sales or profits, or for the expansion of a business.

4. Unlike certain other types of SBA-guaranteed loans, EIDL funds were issued directly from the United States Treasury, and applicants applied for EIDL funds directly through the SBA via an online portal and application. The EIDL application process, which also used certain outside contractors for system support, collected information concerning the business and the business owner, including: information about the gross revenues for the business prior to January 31, 2020; and the cost of goods sold. Applicants electronically certified that the information provided was true and accurate and were warned that any false statement or misrepresentations to the SBA, or any misapplication of loan proceeds may result in sanctions, including criminal penalties.

5. EIDL applications were received in and processed using computer servers located in the states of Iowa, Virginia, and Washington. EIDL disbursement payments were initiated by the SBA using computer servers located in the state of Colorado, which transmitted the payment information to the Treasury using computer servers located in the state of Virginia.

### The Defendant and Related Corporations

6. Mohamissle Investment Group LLC ("Mohamissle") was a corporation organized under the laws of the State of Florida. Its principal place of business was 28350 SW 157th Court Homestead, FL 33033.

7. Whitewolf Investment LLC ("Whitewolf") was a corporation organized under the laws of the State of Florida. Its principal place of business was 28350 SW 157th Court Homestead, FL 33033.

8. Defendant **ESHWAR MOHABEER** was an employee of the Federal Bureau of Prisons and the Registered Agent and Manager of Mohamissle and Whitewolf.

## COUNTS 1-2
### Wire Fraud
### (18 U.S.C. § 1343)

1. Paragraphs 1 through 8 of the General Allegations Section of this Indictment are re-alleged and incorporated by reference as though fully set forth herein.

2. On or about the dates specified below, in Miami Dade County, in the Southern District of Florida, and elsewhere, the defendant,

**ESHWAR MOHABEER,**

did knowingly, and with the intent to defraud, devise, and intend to devise, a scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, knowing that the pretenses, representations, and promises were false and fraudulent when made, and, for the purpose of executing the scheme and artifice, did knowingly transmit and cause to be transmitted, by means of wire communication in interstate commerce, certain writings, signs, signals, pictures, and sounds, in violation of Title 18, United States Code, Section 1343.

### PURPOSE OF THE SCHEME AND ARTIFICE

3. It was the purpose of the scheme and artifice for the defendant and his accomplices to unlawfully enrich themselves by, among other things: (a) submitting and causing the submission of false and fraudulent applications for loans made available through the SBA to provide relief

3

for the economic effects caused by the COVID-19 pandemic, including EIDL loans and (b) diverting fraud proceeds for his personal use and to further the scheme and artifice.

### THE MANNER AND MEANS OF THE SCHEME AND ARTIFICE

The manner and means by which the defendant and his accomplices sought to accomplish the purpose of the scheme and artifice included, among other things, the following:

4. **ESHWAR MOHABEER** and his accomplices submitted and caused the submission of fraudulent EIDL loan applications, via interstate wire communications, to the SBA. The EIDL applications falsely and fraudulently represented the gross revenues of a purported transportation business and real estate business for the 12 months preceding January 31, 2020.

5. As a result of the false and fraudulent EIDL loan applications submitted as part of this scheme, the SBA approved an EIDL loan for **ESHWAR MOHABEER**, and disbursed the EIDL loan proceeds in the approximate amount ~~of $46,400 into~~ $46,500.00 BC a bank account **MOHABEER** controlled.

6. **ESHWAR MOHABEER** and his accomplices used the proceeds from the fraud scheme to enrich themselves and others, and to further the scheme.

### USE OF WIRES

7. On or about the dates specified as to each count below, in the Southern District of Florida, and elsewhere, the defendant, for the purpose of executing and in furtherance of the aforesaid scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, knowing that the pretenses, representations, and promises were false and fraudulent when made, did knowingly transmit and cause to be transmitted in interstate and foreign commerce, by means of wire communication, certain writings, signs, signals, pictures, and sounds, as described below:

4

| COUNT | APPROXIMATE DATE | DESCRIPTION OF WIRE |
|---|---|---|
| 1 | 6/25/2020 | The online transmission from the Southern District of Florida to outside the State of Florida, of an EIDL loan application that fraudulently misrepresented the gross revenues of **ESHWAR MOHABEER'S** purported transportation business for the 12 months preceding January 31, 2020. |
| 2 | 9/28/2020 | The online transmission from the Southern District of Florida to outside the State of Florida, of an EIDL loan application that fraudulently misrepresented the gross revenues of **ESHWAR MOHABEER'S** purported real estate business for the 12 months preceding January 31, 2020. |

In violation of Title 18, United States Code, Sections 1343 and 2.

### COUNT 3
**Money Laundering**
**(18 U.S.C. § 1957)**

On or about July 7, 2020, in Miami- Dade County, in the Southern District of Florida, and elsewhere, the defendant,

**ESHWAR MOHABEER,**

did knowingly engage and attempt to engage in a monetary transaction affecting interstate commerce, that is, a transfer in the approximate amount of $25,000 via money link check No. 2100002 drawn on account x3705, by, through and to a financial institution, in criminally derived property of a value greater than $10,000, such property having been derived from a specified unlawful activity, and knowing that the property involved in the financial transaction represented the proceeds of some form of unlawful activity.

It is further alleged that the specified unlawful activity was wire fraud, in violation of Title 18, United States Code, Section 1343.

In violation Title 18, United States Code, Sections 1957 and 2.

## FORFEITURE ALLEGATIONS

1.  The allegations contained of this Indictment are hereby re-alleged and by this reference fully incorporated herein for the purpose of alleging forfeiture to the United States of America of certain property in which the defendant, **ESHWAR MOHABEER**, has an interest.

2.  Upon conviction of a violation of Title 18, United States Code, Section 1343, as alleged in this Indictment, the defendant shall forfeit to the United States any property, real or personal, which constitutes or is derived from proceeds traceable to such offense, pursuant to Title 18, United States Code, Section 981(a)(1)(C).

3.  Upon conviction of a violation of Title 18, United States Code, Section 1957, as alleged in this Indictment, the defendant shall forfeit to the United States any property, real or personal, involved in such offense, and any property traceable to such property, pursuant to Title 18, United States Code, Section 982(a)(1).

All pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and 982(a)(1), and the procedures set forth at Title 21, United States Code, Section 853, as incorporated by Title 18, United States Code, Section 982(b)(1) and by Title 28, United States Code, Section 2461(c).

A TRUE BILL

_____
FOREPERSON

_____
MARKENZY LAPOINTE
UNITED STATES ATTORNEY

_____
DANIEL BERNSTEIN
ASSISTANT UNITED STATES ATTORNEY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

v.

ESHWAR MOHABEER,

_____/
Defendant.

CASE NO.: 24-20171-CR-RUIZ/LOUIS

**CERTIFICATE OF TRIAL ATTORNEY**

**Superseding Case Information:**
New Defendant(s) (Yes or No) _____
Number of New Defendants _____
Total number of new counts _____

**Court Division** (select one)
☒ Miami   ☐ Key West   ☐ FTP
☐ FTL     ☐ WPB

I do hereby certify that:

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.
2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. §3161.
3. Interpreter: (Yes or No) No
   List language and/or dialect: _____
4. This case will take __3__ days for the parties to try.
5. Please check appropriate category and type of offense listed below:

   (Check only one)                (Check only one)
   I    ☒ 0 to 5 days              ☐ Petty
   II   ☐ 6 to 10 days             ☐ Minor
   III  ☐ 11 to 20 days            ☐ Misdemeanor
   IV   ☐ 21 to 60 days            ☒ Felony
   V    ☐ 61 days and over

6. Has this case been previously filed in this District Court? (Yes or No) No
   If yes, Judge _____ Case No. _____
7. Has a complaint been filed in this matter? (Yes or No) No
   If yes, Magistrate Case No. _____
8. Does this case relate to a previously filed matter in this District Court? (Yes or No) No
   If yes, Judge _____ Case No. _____
9. Defendant(s) in federal custody as of _____
10. Defendant(s) in state custody as of _____
11. Rule 20 from the _____ District of _____
12. Is this a potential death penalty case? (Yes or No) No
13. Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek Maynard? (Yes or No) No
14. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to October 3, 2019 (Mag. Judge Jared Strauss? (Yes or No) No
15. Did this matter involve the participation of or consultation with Magistrate Judge Eduardo I. Sanchez during his tenure at the U.S. Attorney's Office, which concluded on January 22, 2023? No
16. Did this matter involve the participation of or consultation with now Magistrate Judge Marta Fulgueira Elfenbein during her tenure at the U.S. Attorney's Office, which concluded on March 5, 2024? No

By: _____
DANIEL BERNSTEIN
Assistant United States Attorney
FL Bar No.   17973

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

## PENALTY SHEET

**Defendant's Name:** **ESHWAR MOHABEER**

**Case No:** _____

Counts #: 1-2

Wire Fraud

Title 18, United States Code, Section 1343
* **Max. Term of Imprisonment: Twenty (20) years**
* **Mandatory Min. Term of Imprisonment (if applicable): No**
* **Max. Supervised Release: Three (3) years**
* **Max. Fine: $250,000**

Count #: 3

Money Laundering

Title 18, United States Code, Section 1957
* **Max. Term of Imprisonment: Ten (10) years**
* **Mandatory Min. Term of Imprisonment (if applicable): No**
* **Max. Supervised Release: Three (3) years**
* **Max. Fine: $250,000**

**\*Refers only to possible term of incarceration, supervised release and fines.   It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.**