UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 24-20171-RAR

UNITED STATES OF AMERICA

vs.

ESHWAR MOHABEER,

Defendant.
_____/

PLEA AGREEMENT

The Office of the United States Attorney for the Southern District of Florida (hereinafter this "Office") **ESHWAR MOHABEER** (hereinafter referred to as the "Defendant") enter into the following agreement:

1. The Defendant agrees to plead guilty to count one (1) of the Indictment which charges the Defendant with Wire Fraud in violation of Title 18, United States Code, Section 1343. The government will move to dismiss the remaining counts after sentencing.

2. The Defendant is aware that the sentence will be imposed by the Court after considering the Federal Sentencing Guidelines and Policy Statements (hereinafter "Sentencing Guidelines"). The Defendant acknowledges and understands that the Court will compute an advisory sentence under the Sentencing Guidelines and that the applicable guidelines will be determined by the Court relying in part on the results of a Pre-Sentence Investigation by the Court's probation office, which investigation will commence after the guilty plea has been entered. The Defendant is also aware that, under certain circumstances, the Court may depart from the advisory sentencing guideline range that it has computed and may raise or lower that advisory sentence under the Sentencing Guidelines. The Defendant is further aware and understands that the Court

is required to consider the advisory guideline range determined under the Sentencing Guidelines but is not bound to impose that sentence; the Court is permitted to tailor the ultimate sentence in light of other statutory concerns, and such sentence may be either more severe or less severe than the Sentencing Guidelines' advisory sentence. Knowing these facts, the Defendant understands and acknowledges that the Court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the offense identified in paragraph 1 and that the Defendant may not withdraw the plea solely as a result of the sentence imposed.

3. The Defendant understands that as to Count one (1) the Court may impose a sentence of up to twenty (20) years imprisonment, followed by a term of supervised release of up to three (3) years and a fine of up to $250,000.

4. The Defendant further understands and acknowledges that, in addition to any sentence imposed under paragraph 3 of this agreement, a special assessment in the amount of $100.00 will be imposed on the Defendant. The Defendant agrees that any special assessment imposed shall be paid at the time of sentencing.

5. This Office reserves the right to inform the Court and the probation office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses committed, whether charged or not, as well as concerning the Defendant and the Defendant's background. Subject only to the express terms of any agreed-upon sentencing recommendations contained in this agreement, this Office further reserves the right to make any recommendation as to the quality and quantity of punishment.

6. This Office agrees that it will recommend at sentencing that the Court reduce by two levels the sentencing guideline level applicable to the Defendant's offense, pursuant to Section

3E1.1(a) of the Sentencing Guidelines, based upon the Defendant's recognition and affirmative and timely acceptance of personal responsibility. If, at the time of sentencing, the Defendant's offense level is determined to be 16 or greater, the government will make a motion requesting an additional one level decrease pursuant to Section 3E1.1(b) of the Sentencing Guidelines, stating that the Defendant has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government and the Court to allocate their resources efficiently.

However, this Office will not be required to make these recommendations if the Defendant: (a) fails or refuses to make a full, accurate and complete disclosure to the probation office of the circumstances surrounding the relevant offense conduct; (b) is found to have misrepresented facts to the government prior to entering this plea agreement; or (c) commits any misconduct after entering into this plea agreement, including but not limited to committing a state or federal offense, violating any term of release, or making a false statement or misrepresentation to any governmental entity or official.

7. The United States and the Defendant agree that, although not binding on the probation office or the Court, they will jointly recommend that the Court make the following findings and conclusions as to the sentence to be imposed:

a. <u>Base Offense Level-</u> the parties agree that the appropriate base offense level is seven (7) under U.S.S.G. § 2B1.1.

b. <u>Loss</u>-the parties agree that the intended loss in this case was between $40,000 and $95,000 which results in an increase of six (6) levels under U.S.S.G. § 2B1.1.

3

c. Role in the Offense-the parties agree that Defendant is not deserving of an aggravating or mitigating role under U.S.S.G. § 3B1.1.

d. Other enhancements- the parties agree that there are no other applicable sentencing enhancements that are applicable to this case.

8. The Defendant is aware that his sentence has not yet been determined by the Court. The Defendant also is aware that any estimate of the probable sentencing range or sentence that the Defendant may receive, whether that estimate comes from the Defendant's attorney, the government, or the probation office, is a prediction, not a promise, and is not binding on the government, the probation office, or the Court. The Defendant understands further that any recommendation that the government makes to the Court as to sentencing, whether pursuant to this agreement or otherwise, is not binding on the Court and the Court may disregard the recommendation in its entirety. The Defendant understands and acknowledges that he may not withdraw his plea based upon the Court's decision not to accept a sentencing recommendation made by the Defendant, the government, or a recommendation made jointly by both the Defendant and the government.

9. The defendant agrees, in an individual and any other capacity, to forfeit to the United States, voluntarily and immediately, any property, real or personal, which constitutes or is derived from proceeds traceable to such offense, pursuant to 18 U.S.C. § 981(a)(1)(C). In addition, the defendant agrees to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p).

10. The Defendant further agrees that forfeiture is independent of any assessment, fine, cost, restitution, or penalty that may be imposed by the Court. The Defendant knowingly and voluntarily agrees to waive all constitutional, legal, and equitable defenses to the forfeiture,

4

including excessive fines under the Eighth Amendment to the United States Constitution. In addition, the Defendant agrees to waive: any applicable time limits for administrative or judicial forfeiture proceedings, the requirements of Fed. R. Crim. P. 32.2 and 43(a), and any appeal of the forfeiture.

11. The Defendant also agrees to fully and truthfully disclose the existence, nature and location of all assets in which the Defendant has or had any direct or indirect financial interest or control, and any assets involved in the offense of conviction. The Defendant agrees to take all steps requested by the United States for the recovery and forfeiture of all assets identified by the United States as subject to forfeiture. This includes, but is not limited to, the timely delivery upon request of all necessary and appropriate documentation to deliver good and marketable title, consenting to all orders of forfeiture, and not contesting or impeding in any way with any criminal, civil or administrative forfeiture proceeding concerning the forfeiture.

12. The Defendant is aware that Title 18, United States Code, Section 3742 affords him the right to appeal the sentence imposed in this case. Acknowledging this, the Defendant thereby waives all rights conferred by Section 3742 to appeal any sentence imposed, including any restitution order, or to appeal the manner in which the sentence was imposed, unless the sentence exceeds the maximum permitted by statute or is the result of an upward departure from the guideline range that the Court establishes at sentencing. The Defendant further understands that nothing in this agreement shall affect the government's right and/or duty to appeal as set forth in Title 18, United States Code, Section 3742(b). However, if the government appeals the Defendant's sentence pursuant to Section 3742(b), the Defendant shall be released from the above waiver of appellate rights. By signing this agreement, the Defendant acknowledges that she has

discussed the appeal waiver set forth in this agreement with his attorney. The Defendant further agrees, together with this Office, to request that the District Court enter a specific finding that the Defendant's waiver of her right to appeal the sentence to be imposed in this case was knowing and voluntary.

13. The Defendant agrees that he has consulted with his attorney and fully understands all rights with respect to the Indictment. Further, the Defendant agrees that he has been advised concerning and fully understands all rights with respect to the provisions of the Sentencing Guidelines which may apply in this case. The Defendant, by his signature affixed below, attests that he has read this agreement and voluntarily agrees to be bound by every term and condition set forth herein.

14. Defense counsel, by his signature affixed below, attests that he has fully explained to the Defendant his rights with respect to the pending Indictment, that he has reviewed with the Defendant the provisions of the Sentencing Guidelines and has explained to the Defendant the provisions which may apply in this case, and that he has carefully reviewed every part of this plea agreement with the Defendant.

15. This is the entire agreement and understanding between this Office and the Defendant. There are no other agreements, promises, representations, or understandings.

Date: 10/7/24

_____
ESHWAR MOHABEER
Defendant

Date: 10/7/24

_____
ANDREW FELDMAN
Attorney for ESHWAR MOHABEER

Date: 10/7/24

_____
DANIEL BERNSTEIN
Assistant United States Attorney